IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 06-mc-00061-WYD

CARY GAGAN,

    Petitioner,

v.

GREGORY C. LANGHAM,

    Respondent.

## ORDER OF DISMISSAL

THIS MATTER is before the Court on various motions filed by Petitioner. By way of background, Petitioner initially sought an order to disclose the public record as to Grand Jury 2001-1. On October 16, 2006, the Court issued an order for the Clerk of Court to disclose the public record as specified in that Order. Petitioner then filed a motion for additional documents regarding Grand Jury 2001-1 and for an order allowing the Petitioner and investigators to contact grand jurors and investigate the grand jury. Petitioner also filed a number of other motions.

The following motions are pending: (1) Petitioner's Motion for an Order Allowing the Petitioner to File His Supporting Documentary Evidence as an Appendix of One Set of Documents (docket # 4), (2) Petitioner's Motion for this Court to Order the Clerk to Disclose Additional Records Regarding Grand Jury 2001-1 and for the Court to issue an Order Allowing the Petitioner and Investigators to Contact Grand Jurors and Investigate Grand Jury 01-1 (docket # 5); (3) Petitioner's Motion to Correct Record Re: David R.

Hansen (docket # 16); (4) Petitioner's Motion for an Order From This Court to Compel the Respondent(s) to Comply with this Court's October 16, 2006 Order and Disclose to the Petitioner the Full Name of David R. Hansen (docket # 17); (5) Petitioner's Motion to Disclose to the Petitioner the Full Name of David R. Hansen, the Person Named by the Clerk's Office as the Foreperson of Grand Jury 2001-1 per the Court's Order (docket # 18) and "Petitioner's Reasserting of October 4, 2007 Motion for Judge Wiley Y. Daniel and United States Attorney Troy Eid to Recuse Themselves" (docket # 27). The October 4, 2007, pleading was not a motion but a "Submitting of Facts and Memorandum of Law that Requires this Court and United States Attorney Troy Eid" (docket # 23).[1] Also filed is a Motion to Join Action as Plaintiff by Jeremy Glen Gardner (docket # 19).

The United States Attorney was found to be an interested party pursuant to FED. R. CIV. P. 19 and was joined as a party in late 2006. Subsequently, the United States filed a response to Petitioner's motion for the Court to disclose additional records regarding Grand Jury 2001-1 and for the Court to allow the Petitioner and investigators to contact grand jurors and investigate Grand Jury 01-1. The United States has not filed any other pleadings or papers in this action, despite being asked to file a response to Gardner's motion to join the action by Minute Order dated August 27, 2007.

I first address the pleadings that ask the Court and United States Attorney Troy Eid to disqualify themselves in this case. I deny such a request. Petitioner has not set

---

[1] Petitioner filed a similar submission on October 9, 2007, as well as a "Memorandum of Law in Support of Petitioner's Motion for this Court and United States Attorney Troy Eid to Disqualify Themselves in this Case".

forth any grounds that require me or the United States Attorney's Office to disqualify ourselves.

As to Plaintiff's requests for additional grand jury information, information related to David R. Hansen, the person named by the Clerk's Office as the foreperson of Grand Jury 2001-1, and the request to contact certain grand jurors, I deny these requests and dismiss the case. I first note that Petitioner has already been provided some information about the grand jury at issue. He now requests additional extensive and highly confidential information about the grand jury, including juror qualification questionnaires, attendance records, logs and polling sheets of the grand jury, grand jury transcripts and minutes, as well as an order allowing him to contact the grand jurors.

I find that Petitioner has not established a need for the additional grand jury information he requests and has not shown a compelling reason to contact grand jurors. In *Douglas Oil Co. of California v. Petrol Stops*, 441 U.S. 211, 219 (1979), the Supreme Court held that "the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings." "Parties seeking grand jury transcripts under Rule 6(e) must show that the material they seek is needed to avoid a possible injustice in other judicial proceedings, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed." *Id.* at 222. "Such a showing must be made even when the grand jury whose transcripts are sought has concluded its operations." *Id.* A court called upon to determine whether grand jury information should be released "necessarily is infused with substantial discretion." *Id.* at 223.

In this case, while Petitioner argues that he has shown a particularized need for the information requested, I disagree. I find that the 101 pages submitted by Petitioner in his motion requesting such information (docket # 5) include bizarre and ridiculous claims which seriously call into question Petitioner's credibility and the claims he makes as to the grand jury. These include unsubstantiated claims that the Grand Jury Clerk for the United States Attorney's Office was committing criminal acts with alleged co-conspirators, including fraudulently serving under an assumed name on the petit jury that convicted Petitioner in Arapahoe County, forging the jury verdicts and forging the foreperson's signature on 80 indictments, that the Grand Jury Clerk was acting in an authorized capacity as a deputy clerk for the Clerk of the United States District Court, and that the Grand Jury Clerk and the former United States Attorney were forced to resign because of a U.S. Department of Justice investigation relating to Petitioner's allegations.[2] In his reply brief filed February 5, 2007, Petitioner continues to argue unsubstantiated criminal misconduct directed towards the United States Attorneys' Office in Colorado. Given the lack of a substantiated showing of a particularized need for the grand jury information, I find that the public interest in secrecy outweighs any needs of the Petitioner in obtaining this information.

Further, as the Government notes in its response, the grand jury information Petitioner seeks relates to a criminal case captioned *United States of America v. Cary J. Gagan*, Civil Action No. 02-cr-00193-MSK. In that case, the Petitioner voluntarily and

---

[2] I note that John Suthers did not resign because of an investigation initiated by Petitioner. Instead, he resigned to assume the office of the Attorney General for the State of Colorado, after having been appointed by the Governor of the State of Colorado.

unconditionally pleaded guilty to three felonies. It is well established that a voluntary and unconditional guilty plea waves all non-jurisdictional defenses. Subsequent attacks upon a conviction following a plea of guilty based upon improprieties before the grand jury are not jurisdictional defenses and, therefore, cannot be the subject of a collateral attack to a conviction. *United States v. Salazar*, 323 F.3d 852, 856 (10th Cir. 2003).

I also note that the Government represents that Judge Krieger considered similar arguments made about the grand jury and other challenges to his conviction by Petitioner and ordered that Petitioner file no more pleadings because of the frivolous nature of his pleadings. Indeed, by Order filed June 28, 2006, Judge Krieger issued an "Order Directing No Further Filings." She indicated therein that Mr. Gagan "has fully exhausted all avenues for relief available to him under this case number". Order at 1.

Finally, as to Petitioner's request to contact the grand jurors, I find that Petitioner has not shown a compelling need to do so as required by the Order filed October 16, 2006. I further note that the propriety of such contacts, even if a need had been shown to do so, would be questionable given Petitioner's past history which includes claims of attempting to influence a public servant related to attempts to blackmail then Arapahoe County District Attorney.

Accordingly, I find that the relief requested by Petitioner in his various motions should be denied, and this action dismissed. It is therefore

ORDERED that Petitioner's Reasserting of October 4, 2007 Motion for Judge Wiley Y. Daniel and United States Attorney Troy Eid to Recuse Themselves" (docket # 27) is **DENIED**. It is

FURTHER ORDERED that Petitioner's Motion for this Court to Order the Clerk to Disclose Additional Records Regarding Grand Jury 2001-1 and for the Court to issue an Order Allowing the Petitioner and Investigators to Contact Grand Jurors and Investigate Grand Jury 01-1 (docket # 5) is **DENIED**. It is

FURTHER ORDERED that Petitioner's Motion to Correct Record Re: David R. Hansen (docket # 16), Petitioner's Motion for an Order From This Court to Compel the Respondent(s) to Comply with this Court's October 16, 2006 Order and Disclose to the Petitioner the Full Name of David R. Hansen (docket # 17) and Petitioner's Motion to Disclose to the Petitioner the Full Name of David R. Hansen, the Person Named by the Clerk's Office as the Foreperson of Grand Jury 2001-1 per the Court's Order (docket # 18) are **DENIED**. It is

FURTHER ORDERED that Petitioner's Motion for an Order Allowing the Petitioner to File His Supporting Documentary Evidence as an Appendix of One Set of Documents (docket # 4) is **DENIED AS MOOT**. It is

FURTHER ORDERED that the Motion to Join Action as Plaintiff by Jeremy Glen Gardner (docket # 19) is **DENIED AS MOOT**. It is

FURTHER ORDERED that this action is **DISMISSED**.

Dated: June 23, 2008

                                        BY THE COURT:

                                        s/ Wiley Y. Daniel
                                        Wiley Y. Daniel
                                        U. S. District Judge